[857 NYS2d 652]

In the Matter of WILLIAM L. NETUSIL, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, April 29, 2008

APPEARANCES OF COUNSEL

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated November 1, 2006, containing four charges of professional misconduct. After a hearing on June 13, 2007, the Special Referee sustained all four charges. The Grievance Committee now moves to confirm the findings of the Special Referee and to impose such discipline as the Court deems just and proper. The respondent neither cross-moved nor submitted any papers in reply to the Grievance Committee's motion.

Charge one alleges that by failing to comply with the legitimate demands of the Grievance Committee in connection with an investigation into his professional misconduct, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On or about August 8, 2005, the Suffolk County Bar Association forwarded to the Grievance Committee for the Tenth Judicial District a complaint against the respondent from Terry Sherwood, a former client. By letter dated August 17, 2005, sent to the business address the respondent listed with the Office of Court Administration (hereinafter OCA), the Grievance Committee requested that the respondent submit an answer to the Sherwood complaint within 15 days. That letter was returned to the Grievance Committee marked "Not Deliverable as Addressed, Unable to Forward."

On August 22, 2005, the Grievance Committee sent a copy of the aforementioned letter along with the Sherwood complaint to the respondent's law office. On or about September 28, 2005, Grievance Counsel telephoned the respondent's law office and left a message with a secretary for the respondent to return the call. On or about September 20, 2005, the respondent left a voice-mail message in which he advised Grievance Counsel that he was addressing the matter and would serve an answer during the week of October 3, 2005.

On or about October 17, 2005, Grievance Counsel spoke with the respondent over the telephone and was advised that due to recent family medical issues, the answer was delayed. The respondent advised that he would telephone Grievance Counsel on October 20, 2005 with "a status report." The respondent failed to do so.

On or about November 2, 2005, Grievance Counsel left a message for the respondent at his law office asking that he return the call. The respondent failed to do so.

On December 5, 2005, the respondent was served with two judicial subpoenas directing his appearance at the Grievance Committee offices on December 14, 2005, and his production of the complete file of client, Terry Sherwood.

On December 12, 2005, the respondent telephoned Grievance Counsel. The respondent stated that he had completed his answer and asked if his personal appearance could be adjourned if he hand-delivered the answer the following day. Grievance Counsel agreed to adjourn the appearance and to allow the respondent to submit his answer by mail. The Grievance Committee received the respondent's answer on or about December 15, 2005.

By letter dated January 11, 2006, the Grievance Committee acknowledged receipt of the respondent's answer, dated December 14, 2005, and requested that the respondent provide, within 10 days, a written explanation for his delay. The respondent failed to submit a response.

By letter dated February 2, 2006, the Grievance Committee requested that the respondent make arrangements for his examination under oath at the Grievance Committee's offices. The respondent failed to comply. The Grievance Committee made that same request by letter dated April 28, 2006, and the respondent still failed to comply.

On or about May 4, 2006, Grievance Counsel telephoned the respondent at his law office and left a voice-mail message for the respondent to call and arrange to be examined under oath at the Grievance Committee's offices. By a series of telephone calls between May 11, 2006, and May 30, 2006, it was arranged for the respondent to be examined under oath at the Grievance Committee's offices on June 14, 2006. That arrangement was confirmed by letter dated June 2, 2006.

The respondent testified on June 14, 2006, that he has no reason to dispute receipt of the aforementioned letters and

telephone calls, that any explanation he could offer for not responding would be meaningless since it was an obligation not fulfilled, and that the severe family illnesses, which included a heart attack and cancer surgery in October 2005, "are excuses, and that is all they are."

Charge two alleges that by failing to comply with the legitimate demands of the Grievance Committee in connection with an investigation into his professional misconduct, the respondent engaged in conduct that adversely reflects on his fitness as a lawyer, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]), based on the factual allegations set forth in charge one.

Charge three alleges that by failing to file a biennial registration statement with OCA and to timely pay the designated fee as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) part 118, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]).

On or about August 15, 2006, the Grievance Committee opened a sua sponte complaint based on the respondent's failure to reregister as an attorney, as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) § 118.1. The respondent failed to reregister with OCA and pay the required fee for two registration periods: 2002-2003 and 2004-2005.

By letter dated August 15, 2005, sent to the business address the respondent listed with OCA, the Grievance Committee advised the respondent that a sua sponte complaint was being initiated against him and directed him to reregister forthwith and to submit proof of compliance. The letter further directed the respondent to submit a written answer within 30 days explaining his failure to reregister. That letter was returned to the Grievance Committee marked "Not Deliverable as Addressed, Unable to Forward."

On August 22, 2005, the Grievance Committee sent a copy of the aforementioned letter to the respondent's law office. On or about September 28, 2005, Grievance Counsel telephoned the respondent's law office and left a message with a secretary for the respondent to return the call. On or about October 17, 2005, Grievance Counsel and the respondent had a telephone conversation during which the respondent advised that due to recent family medical issues and financial considerations, he had been

delayed in answering and reregistering. The respondent advised that he would telephone Grievance Counsel on October 20, 2005, with a "status report." The respondent failed to answer, reregister, or telephone.

On or about November 2, 2005, Grievance Counsel left a message at the respondent's law office asking that he return the call. The respondent failed to do so.

On or about December 15, 2005, the Grievance Committee received an answer from the respondent which failed to address the sua sponte complaint but instead addressed a separate matter then under investigation. By letter dated January 11, 2006, the Grievance Committee directed the respondent to submit, within 10 days, an answer to the sua sponte complaint concerning his failure to reregister. The respondent failed to comply.

By letter dated February 2, 2006, the Grievance Committee requested that the respondent make arrangements for his examination under oath at the Grievance Committee's offices. The respondent failed to comply. The Grievance Committee made that same request by letter dated April 28, 2006, and the respondent still failed to comply.

On or about May 4, 2006, Grievance Counsel telephoned the respondent at his law office and left a voice-mail message for the respondent to call and arrange to be examined under oath at the Grievance Committee's offices. By a series of telephone calls between May 11, 2006, and May 30, 2006, it was arranged for the respondent to be examined under oath at the Grievance Committee's offices on June 14, 2006. That arrangement was confirmed by letter dated June 2, 2006.

The respondent testified on June 14, 2006, that his registration is now current and that any explanations for his failure to respond to the sua sponte complaint when viewed objectively are "meaningless" in that "[i]t was an obligation that was not fulfilled."

Charge four alleges that by failing to comply with the legitimate demands of the Grievance Committee in connection with an investigation into his professional misconduct, the respondent engaged in conduct that is prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), based on the factual allegations set forth in charge three.

Based on the respondent's unequivocal admissions, the Special Referee properly sustained all four charges of profes-

sional misconduct and the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, the Grievance Committee notes that the respondent's disciplinary history is quite extensive. On September 18, 1992, he was issued a letter of caution for failing to promptly respond to authorized inquiries into his professional conduct.

Three letters of admonition dated March 20, 2002, June 11, 2003, and June 28, 2004, respectively, involved the respondent's failure to timely cooperate with the Grievance Committee. The June 11, 2003 letter also included his neglect of a legal matter entrusted to him and his failure to execute a written retainer agreement and to provide a statement of client's rights and responsibilities.

During the course of his examination under oath on June 14, 2006, the respondent was questioned regarding the apparent ineffectiveness of the aforesaid warnings and of his inability to benefit from the mentoring services offered him. The respondent's reply was that he put everyone else's work first to the detriment of his own.

Notwithstanding the serious health problems which beset the respondent's family, his ultimate cooperation with the Grievance Committee, and his commendable candor, he has evinced an inability to learn from the numerous warnings issued to him by the Grievance Committee and has put the Grievance Committee to an inordinate amount of trouble. Under the totality of circumstances, the respondent is suspended from the practice of law for a period of six months.

MASTRO, J.P., RIVERA, SPOLZINO, SKELOS and MILLER, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that the respondent, William L. Netusil, is suspended from the practice of law for a period of six months, commencing May 29, 2008, with leave to apply for reinstatement upon the expiration of said period, upon furnishing satisfactory proof that during said period he: (a) refrained from practicing or attempting to practice law, (b) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10), (c) complied with the applicable provisions of 22 NYCRR 691.11 (c) (4), and (d) otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, William L. Netusil, shall desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, William L. Netusil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in him affidavit of compliance pursuant to 22 NYCRR 691.10 (f).