[901 NYS2d 854]

In the Matter of WILLIAM L. NETUSIL, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, June 8, 2010

**APPEARANCES OF COUNSEL**

*Rita E. Adler*, Hauppauge (*Michael J. Kearse* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

By opinion and order of this Court dated April 29, 2008 (*see* *Matter of Netusil*, 52 AD3d 23 [2008]), the respondent was suspended from the practice of law for a period of six months as a result of a previous disciplinary proceeding involving four charges of professional misconduct, including failing to cooperate with the Grievance Committee for the Tenth Judicial District (hereinafter the Grievance Committee) investigation and failing to file a biennial registration statement with the Office of Court Administration and to timely pay the designated fee as required by Judiciary Law § 468-a and Rules of the Chief Administrator of the Courts (22 NYCRR) part 118.

By decision and order on application dated July 22, 2009, the Grievance Committee was authorized to institute and prosecute a second disciplinary proceeding against the respondent, the Grievance Committee was directed to serve and file the petition within 20 days, the respondent was directed to submit an answer within 20 days after service upon him of the petition, and the issues raised were referred to Norma Giffords, Esq., as Special Referee, to hear and report.

The Grievance Committee now moves to impose discipline upon the respondent's default in serving an answer as directed in the decision and order dated July 22, 2009, to deem the charges contained in the verified petition established.

The decision and order of this Court dated July 22, 2009 and the petition were personally served on the respondent on August 13, 2009. The petition contains two charges, alleging that the respondent engaged in conduct prejudicial to the administration of justice and conduct adversely reflecting on his fitness as a lawyer by failing to comply with the Grievance Committee's legitimate demands in connection with investigations into four complaints of professional misconduct. The complaints alleged, inter alia, that the the respondent accepted retainers in domestic relations matters and thereafter had no further contact with the complainants. The respondent failed to submit an answer or to request additional time in which to do so.

Inasmuch as the respondent has failed to answer, he is in default and the charges contained in the petition must be deemed established. Accordingly, the Grievance Committee's motion is granted, the charges of the petition are deemed admitted, and effective immediately, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MASTRO, J.P., RIVERA, SKELOS, FISHER and ENG, JJ., concur.

Ordered that the petitioner's motion is granted upon the respondent's default; and it is further,

Ordered that, pursuant to Judiciary Law § 90, effective immediately, the respondent, William L. Netusil, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent, William L. Netusil, shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see* 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, the respondent, William L. Netusil, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, William L. Netusil, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).